IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SABRINA S. OVERFIELD,

        Plaintiff,

vs.                              Case No. 5:21-CV-04093

STATE OF KANSAS,

        Defendant.

# ANSWER

Defendant answers plaintiff's complaint as follows:

1. All allegations not admitted are denied.

2. In response to ¶1 defendant does not dispute this court's jurisdiction over the claims alleged but denies the claims as alleged.

3. In response to ¶2, defendant does not dispute subject matter jurisdiction.

4. In response to ¶3, venue is not disputed.

5. Paragraph 4 is admitted.

6. Paragraph 5 is admitted.

7. In response to ¶6 through ¶ 11 defendant lacks sufficient information to admit or deny the allegations therein and therefore denies the same.

8. In response to ¶12, defendant states Mac Young received a call from Ms. Overfield. The remainder of the allegation is denied.

9. In response to ¶13 defendant states Young requested Overfield put her complaint in writing. The remainder of ¶13 is denied.

10. In response to ¶14, defendant states the complaint submitted by Overfield included the cited paragraph.

11. In response to ¶15, defendant states that on January 13, 2020, Young received a call from Overfield and that he requested she submit her complaint via email. Defendant lacks sufficient information to admit or deny the remainder of ¶15 and for that reason denies the same.

12. Defendant lacks sufficient information to admit or deny the allegations of ¶16, ¶17, and ¶18 and therefore denies the same.

13. Paragraph 19 is denied. The email speaks for itself.

14. In response to ¶20, defendants state plaintiff documented the encounter from her perspective and that document speaks for itself.

15. Paragraph 21 is admitted.

16. In response to ¶22, defendant states Christman and Overfield had a telephone communication regarding the complaint. The remainder of ¶22 is denied.

17. Defendant lacks sufficient information to admit or deny ¶¶23 through 27 and therefore denies the same.

18. Paragraph 28 is admitted, the document speaks for itself.

19. Paragraph 29 is admitted, the document speaks for itself.

20. Defendant lacks sufficient information to admit or deny ¶30 and therefore denies the same.

21. Paragraph 31 is admitted. Plaintiff's claims are limited to the scope of the administrative complaint.

22. In response to ¶32, defendant states there was a meeting on February 3, 2021 between plaintiff, Young and Judge Lynch. Defendant lacks sufficient information to admit or deny the remainder of ¶32 and for that reason denies the same.

23. In response to ¶33, defendant admits the meeting occurred but lack sufficient information as to what was said at the meeting to admit or deny the remaining allegations and therefore deny the same.

24. Paragraph 34 is admitted.

25. Defendant lacks sufficient information to admit or deny ¶ 35 and for that reason denies the same.

26. Paragraph 36 is denied. Plaintiff's personnel file contains the following evaluations: Plaintiff received an annual evaluation dated July 1, 2021 for the work period June 23, 2019 to June 23, 2020. The overall rating was "Beyond Expectations." Plaintiff received an annual evaluation dated July 23, 2021 for the work period June 23, 2020 to June 23, 2021. The overall rating was "Beyond Expectations."

ANSWER TO COUNT I: HOSTILE WORK ENVIRONMENT TITLE VII

27. In response to ¶37, defendant incorporates the entirety of its answer.

28. Paragraphs 38-40 are denied.

29. Plaintiff's prayer for relief is denied.

ANSWER TO COUNT II: HOSTILE WORK ENVIRONMENT ADEA

30. In response to ¶41, defendant incorporates the entirety of its answer.

31. Paragraph 42 is denied. Defendant is entitled to 11th Amendment Immunity on any alleged ADEA claim. See *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000); see also *Migneault v. Peck*, 204 F.3d 1003, 1004 (10th Cir. 2000).

32. Paragraphs 43 through 46 are denied.

33. Plaintiff's prayer for relief is denied.

## ANSWER TO COUNT III: TITLE VII RETALIATION

34. In response to ¶47, defendant incorporates the remainder of its answer.

35. Paragraphs 48-50 are denied.

36. Plaintiff's prayer for relief is denied.

## ADDITIONAL DEFENSES

37. Plaintiff fails to state a claim upon which relief can be granted.

38. Defendant denies the nature and extent of injuries alleged by plaintiff.

39. Plaintiff remains employed and has not been subject to any adverse employment action, retaliation or hostile work environment.

40. The answering defendant is entitled to Eleventh Amendment Immunity.

41. Plaintiff's claims are without substantial legal or factual basis such that defendants are entitled to recover attorney fees and costs of defense pursuant to 42 U.S.C. §1988 and 28 U.S.C. §1927.

42. Defendant reserves the right to plead additional affirmative defenses as may be revealed in discovery.

## DEMAND FOR JURY TRIAL

Defendant demands all appropriate fact issues be tried to a jury.

Respectfully submitted,

/s/ Terelle A. Mock
Terelle A. Mock                              #21465
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS  66606
(785) 232-7761 / (785) 232-6604 – fax
E-mail: tmock@fpsslaw.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alan V. Johnson, #9992
SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Ave., Suite 1000
Topeka, KS 66603-3456
ajohnson@sloanlawfirm.com
(785) 357-6311 | (785) 357-0152 – fax
**Attorney for Plaintiff**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  No one.

/s/ Terelle A. Mock
Terelle A. Mock