IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SABRINA OVERFIELD,

       Plaintiff,

v.                                                         Case No. 21-4093-JWB

STATE OF KANSAS,

       Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for partial judgment on the pleadings. (Doc. 13.) The motion has been fully briefed and is ripe for decision. (Docs. 14, 17.) The motion is GRANTED for the reasons stated herein.

**I.**      **Facts**

Plaintiff Sabrina Overfield is a long-term employee of Defendant, the state of Kansas, by and through the Office of Judicial Administration, working as a court reporter. (Doc. 1 at 2.) At times relevant to this action, Plaintiff worked in the 11th Judicial District of Kansas at the courthouse in Parsons, Kansas. Plaintiff is a female and over the age of 40. Plaintiff sets forth factual allegations regarding alleged discriminatory treatment by a state court judge. Plaintiff asserts that she was subjected to a hostile work environment based on her sex or gender. Plaintiff reported this alleged discriminatory conduct to her supervisor, filed a complaint with the Kansas Commission on Judicial Conduct, and, ultimately, filed an administrative charge with the Kansas Human Rights Commission. Plaintiff further alleges that Defendant retaliated against her after she engaged in these protected activities.

1

On December 28, 2021, Plaintiff filed this action asserting three claims: hostile work environment in violation of Title VII, 42 U.S.C. § 2000e; hostile work environment in violation of the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 621; and retaliation in violation of Title VII.  With respect to count II, her ADEA claim, Plaintiff alleges that Defendant is subject to liability under the ADEA because it receives federal funds. (Doc. 1 at 13) (citing to 42 U.S.C. § 2000d-7).

Defendant has moved for judgment on the pleadings on Plaintiff's ADEA claim arguing that it is immune from liability under the 11th Amendment and it has not waived its immunity. (Doc. 13.)  Plaintiff claims that Defendant waived its sovereign immunity by accepting federal funds.  (Doc. 14 at 1.)

## II.     Standard

Courts evaluate a Rule 12(c) motion using the same standard used to evaluate a motion to dismiss under Rule 12(b)(6).  *Borde v. Bd. of Cty. Comm'rs*, 514 F. App'x 795, 799 (10th Cir. 2013) (citing *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000)).  In order to withstand a motion for judgment on the pleadings, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.    Analysis

Defendant argues that it has not waived its sovereign immunity on Plaintiff's claim under the ADEA. In response, Plaintiff assert that Defendant has waived its sovereign immunity by accepting federal funds.

States and their agencies are generally protected from suit and damages in federal court by sovereign immunity, as guaranteed by the Eleventh Amendment. *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015); *see also Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1132-33 (10th Cir. 2001). This includes suits alleging a violation of the ADEA. *See Migneault v. Peck*, 204 F.3d 1003, 1004 (10th Cir. 2000). There are exceptions to "the Eleventh Amendment's guarantee of sovereign immunity," which include consent, legislation abrogating sovereign immunity, and suits against individual state officers in "their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Id.* at 1169.

In support of her argument that Defendant is not entitled to sovereign immunity on her claim under the ADEA, Plaintiff cites to 42 U.S.C. § 2000d-7(a) and argues that because Defendant accepts federal funds it has waived its Eleventh Amendment immunity. That statute reads as follows:

> (1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or *the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance*.

42 U.S.C. § 2000d-7 (emphasis supplied).

As is clear from the text of the statute, although other statutes are specifically identified, Congress did not name the ADEA as a statute in which immunity under the Eleventh Amendment has been abrogated. Rather, Plaintiff relies on the residual clause of § 2000d-7, which provides

3

that a state is not immune from suit for a violation of "any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." *Id.* Although the Tenth Circuit has not addressed the residual clause with respect to the ADEA, it has addressed the applicability of this clause on claims made under the Americans with Disabilities Act (ADA). *Levy*, 789 F.3d at 1170-71. The Tenth Circuit held that the residual clause of § 2000d-7 did not result in a waiver of a State's Eleventh Amendment immunity because the ADA is not merely a statute prohibiting discrimination by recipients of federal financial assistance; rather, it has a "much broader focus than discrimination by recipients of federal financial assistance." *Id.* Similarly, the ADEA has a much broader focus in that it prohibits an employer from engaging in age discrimination and does not limit its reach to employers who receive federal financial assistance. *See* 29 U.S.C. §§ 623, 630. Notably, the Fifth Circuit quickly disposed of an identical argument as follows:

> Sullivan claims this statute [§ 2000d-7] says that a State, by accepting federal funds in whatever form, waives Eleventh Amendment immunity against discrimination suits. An accurate reading of 42 U.S.C. § 2000d–7(a)(1) invalidates Sullivan's argument. The question is whether the ADEA is a 'Federal statute prohibiting discrimination by recipients of Federal financial assistance.' Clearly it is not. The ADEA prohibits age discrimination by 'employers,' not by those who receive federal financial assistance. The fact that many employers receive federal assistance does not mean that the ADEA is a 'statute prohibiting discrimination by recipients of Federal financial assistance.' Texas's general acceptance of federal funding does not waive its Eleventh Amendment immunity from discrimination suits.

*Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 394–95 (5th Cir. 2007).

The residual clause of § 2000d-7 does not abrogate a state's Eleventh Amendment immunity from claims under the ADEA as it is not a "statute prohibiting discrimination by recipients of Federal financial assistance." *See id.*; *Levy*, 789 F.3d at 1170-71. As discussed herein, Kansas is immune from discrimination suits under the ADEA. The court finds that

4

Congress has not abrogated Eleventh Amendment immunity from ADEA claims and Kansas has not voluntarily waived its Eleventh Amendment immunity in this case.

## IV.     Conclusion

Defendant's motion to dismiss Plaintiff's ADEA claim (Doc. 13) is GRANTED.  Count II is hereby DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.  Dated this 9th day of June, 2022.

                                                s/ John W. Broomes  
                                                JOHN W. BROOMES  
                                                UNITED STATES DISTRICT JUDGE